HAI-2, LLC v BlackRock Fin. Mgt., Inc. (2023 NY Slip Op 00928)

HAI-2, LLC v BlackRock Fin. Mgt., Inc.

2023 NY Slip Op 00928

Decided on February 16, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 16, 2023

Before: Renwick, J.P., Oing, Mendez, Rodriguez, Pitt-Burke, JJ. 

Index No. 655756/18 Appeal No. 17356 Case No. 2022-04360 

[*1]HAI-2, LLC, Plaintiff-Appellant,
v
BlackRock Financial Management, Inc., Defendant-Respondent.

Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success (Jonathan P. Shaub of counsel), for appellant.
Sidley Austin LLP, New York (Nicholas P. Crowell of counsel), for respondent.

Order, Supreme Court, New York County (Jennifer Schecter, J.), entered August 24, 2022, which granted defendant BlackRock Financial Management, Inc.'s motion to quash plaintiff HAI-2, LLC's nonparty subpoena and for a protective order, and denied plaintiff's cross motion to extend the deadline to file a note of issue and compel additional discovery, unanimously affirmed, with costs.
Plaintiff's argument that defendant did not have standing to quash the subpoena is unpreserved because it is raised for the first time on appeal (see Feiner & Lavy, P.C. v Zohar, 210 AD3d 408 [1st Dept 2022]). In any event, the motion court has the power to control and order discovery and may, sua sponte, issue a protective order in its role as the supervisor of such discovery (see AQ Asset Mgt. LLC v Levine, 111 AD3d 245, 260 [1st Dept 2013]).
Supreme Court providently exercised its discretion in quashing the subpoena. Plaintiff had four years to conduct discovery and yet it insists that it became aware of some smoking gun evidence, which arguably would prove its case, on the last day of the discovery window. That argument is undercut by its 2020 litigation hold notice to UBS, which indicates plaintiff's awareness of UBS's connection to the fee sharing agreement and its belief that UBS would possess relevant documents. Nevertheless, it chose not to subpoena any documents for almost two years. Furthermore, plaintiff's explanation that the matter has been pending for over four years, due to defendant's delay tactics and the pandemic, is unpersuasive. Plaintiff cannot point to any court orders staying discovery during the proceeding. Similarly, although the Covid-19 pandemic most likely contributed to some of the delays in the case, the parties were clearly able to conduct the entirety of discovery. Plaintiff further asserts, without any support in the record, that it was under the impression that it had to complete party discovery before proceeding to third-party discovery. The parties' discovery schedule was governed by a stipulation. Plaintiff blames defendant for drafting a less than clear stipulation without explaining why it signed it without seeking to clarify its terms beforehand. It further cannot point to any evidence that the parties contemplated delaying nonparty discovery until some unspecified point in the future, and the court's six discovery conferences should have provided plaintiff ample opportunity to confirm its understanding. Finally, plaintiff in fact received nearly 2,000 pages of UBS's account statements that were turned over by
defendant after final deposition. Plaintiff laments that defendant "cherry picked" which documents it chose to produce, but its grievance is essentially with the fact that the production was limited to the three funds at issue, as was ordered by the motion court.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 16, 2023